| iDALEY, Judge,
dissenting with reasons.
I respectfully dissent regarding the loss of consortium claim to Mrs. Aucoin, finding the award to be excessive.
A claim for loss of consortium encompasses seven general elements which include: 1) loss of love and affection; 2) loss of society and companionship; 3) impairment of sexual relations; 4) loss of performance of material services; 5) loss of financial support; 6) loss of aid and assistance; and 7) loss of fidelity. It is not necessary, however, to prove every element to establish a compensable claim. Seagers v. Pallet, 95-52 (La. App. 5 Cir. 5/10/95), 656 So.2d 700.
The recipient of the award, Mrs. Aucoin, did not testify. At trial, counsel stipulated that her testimony would corroborate Mr. Aucoin’s complaints of pain. Mr. Aucoin testified that he and his wife do not attend all the football games anymore because sitting in the bleachers causes him pain. He also testified that he did not do dishes and mop like he did before, but there was no testimony regarding how much he performed these choices before the accident. There was not testimony regarding any changes in their sex life or in their general relationship. One son testified that his parents never had a big independent social life, that their lives revolved around their children, and they didn’t socialize a great deal before the accident.
Of the seven elements of a loss of consortium claim, only loss of aid and assistance was minimally established by the testimony. With such a lack of evidentiary support, the award of $5000 is clearly excessive. I would lower the award [2to $1000. See Odom v. Claiborne Elec. Co-op, Inc., 623 So.2d 217 (La.App. 2 Cir.1993) ($2000 awarded to spouse who presented testimony that the couple’s social life was diminished, wife was nervous and irritable, and that they do not spend as much time together as before the accident); Rodriguez v. Julius, 96^473 (La. App. 5 Cir. 3/25/97), 694 So.2d 418 (award of $0 to wife affirmed on appeal, whose testimony that she mowed the grass twice while husband was recuperating, and did everything for him for ten days, fell extremely short in meeting the required jurisprudential mandate); Alfonso v. Piccadilly Cafeteria, Inc., 95-279 (La.App. 5 Cir. 11/28/95), 665 So.2d 589 (wife entitled to $1000 where evidence showed husband was angry after the accident and took out his frustration on wife by hollering, throwing things, and shaking her, and his medication caused a decrease in his ability to perform marital relations).